UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSE MOROCHO TAPIA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1141

Honorable Jane M. Beckering

**<u>OPINION</u>**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.      Procedural History**

In Petitioner's corrected § 2241 petition,[1] Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Corrected Pet., ECF No. 2, PageID.67–68.)

---

[1] Petitioner filed his initial petition on April 7, 2026. (Pet., ECF No. 1.) Petitioner then filed a corrected petition on April 8, 2026. (Corrected Pet., ECF No. 2.)

In an order entered on April 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the March 5, 2026, bond hearing on April 13, 2026. (Resp., ECF No. 6; Recording of Mar. 5, 2026, Bond Hearing, filed on Apr. 13, 2026.) Petitioner filed his reply on April 16, 2026. (ECF No. 7.)

## II.      Relevant Factual Background

Petitioner is a citizen of Ecuador who entered the United States in 2001. (Corrected Pet., ECF No. 2, PageID.54.) On January 3, 2026, Petitioner was arrested by ICE in New Jersey. (*Id.*)

On February 14, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Morocho Tapia v. Raycraft* (*Morocho Tapia I*), No. 1:26-cv-510 (W.D. Mich.). In *Morocho Tapia I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Morocho Tapia I*, (W.D. Mich. Feb. 27, 2026), (ECF Nos. 6, 7).

On March 5, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Corrected Pet., ECF No. 2, PageID.55.) Petitioner attempted to submit evidence in support of his request to be released on bond, but the Immigration Court did not consider those documents because Petitioner erroneously filed those documents "in the electronic immigration docket rather than the bond docket." (*Id.*, PageID.62.) The only evidence presented by the Department of Homeland Security (DHS) was Petitioner's Form I-213. (*Id.*, PageID.61–62.) At the conclusion of the March 5, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> [Petitioner] is a flight risk.

[Petitioner] entered the United States without permission or authorization in 2001. Despite [Petitioner]'s long presence in the United States, [Petitioner] has not sought to gain any legal status. [Petitioner] has not had stable employment is [sic] 13 years.

As [Petitioner] has not filed any applications for relief, the Court cannot find that [Petitioner] has a sufficient likelihood of success in securing any lawful status in the United States.

Based upon the foregoing, the Court finds that [Petitioner] is a flight risk and declines to change his custody status.

(Immigration Judge Order, ECF No. 2-6, PageID.94.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues, *inter alia*, that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 5, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    May 4, 2026                              /s/ Jane M. Beckering
                                                   Jane M. Beckering
                                                   United States District Judge

3